UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIYAM AKMAL,

                Plaintiff,

    v.

TERRA STAFFING GROUP, et al.,

                Defendants.

CASE NO. C13-5113 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION, GRANTING IN PART AND RESERVING RULING IN PART DEFENDANTS' MOTIONS TO DISMISS, AND GRANTING PLAINTIFF LIMITED LEAVE TO AMEND

This matter comes before the Court on Defendants Michelle Harbarchuk, Michelle and John Doe Harbarchuk, and Terra Staffing Group's ("Terra Defendants") motion to dismiss or alternatively for a more definite statement (Dkt. 18), Defendants Roque Neeves, Roque and Jane Doe Neeves, Regal West Corporation, Chuck Stockwell, Chuck and Jane Doe Stockwell's ("Regal Defendants") motion to dismiss or alternatively for a more definite statement (Dkt. 22), and Plaintiff Mariyam Akmal's ("Akmal") motion for an extension of time (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Akmal's motion, grants in part and reserves ruling in part Defendants' motions, and grants Akmal limited leave to amend for the reasons stated herein.

# I. PROCEDURAL HISTORY

On March 6, 2013, Akmal filed a complaint against numerous defendants alleging that "she was harassed and subjected to a hostile work environment, discriminated and retaliated against because of her race, perceived race, perceived national origin, sex and gender and was retaliated against for engaging in protected activity."  Dkt. 5.

On May 6, 2013, the Terra Defendants filed a motion to dismiss or alternatively for a more definite statement.  Dkt. 18.  On May 10, 2013, the Regal Defendants filed a motion to dismiss or alternatively for a more definite statement.  Dkt. 22.  On June 4, 2013, Akmal responded.  Dkt. 26.  On June 7, 2013, all Defendants replied.  Dkts. 29 & 30.

On May 28, 2013, Akmal filed a motion for an extension of time.  Dkt. 24.  On May 29, 2013, the Terra Defendants responded.  Dkt. 25.  On June 4, 2013, Akmal replied.  Dkt. 27.  On June 5, 2013, the Regal Defendants responded.  Dkt. 28.

# II. FACTUAL BACKGROUND

Akmal alleges numerous causes of action based on events that occurred during a few hours of work at a temporary job secured through a staffing agency.  Through Terra Staffing, Regal offered Akmal a temporary assignment at Regal's warehouse "taking apart a toy and re-assembling with a new part."  Comp., ¶¶ 8-9.  On August 29, 2012, Akmal arrived at Regal's warehouse shortly before 4:00PM.  *Id.* ¶ 9.  For her 7:15PM break, Akmal exited the warehouse and went to her car that was parked on Regal's property.  Specifically, Akmal alleges that

1

> [She] left the warehouse and grabbed a snack bag, a writing pad and a couple of pens from inside of her vehicle. She tore the top page off of her note pad which contained a statement in which she indicated that she was not granting permission to have her vehicle searched. She left it on the steering wheel where it could be clearly seen from the outside of the vehicle irrespective of which side of the vehicle a person may happen to be standing.

2

3

4

5 *Id*. ¶ 10.  Akmal claims that she wrote the note in response to a sign on Regal's property

6 stating that all vehicles are subject to search.  Dkt. 26 at 3–4.

7      After Akmal returned to work, she alleges that she was subjected to two types of

8 inappropriate behavior.  First, she alleges that numerous employees referred to her as

9 "Bambi."  Comp., ¶ 11.  Akmal alleges that "forklift drivers and one supervisor"

10 addressed her this way.  *Id.*

11      Second, Akmal alleges that she was approached by a security guard, Chuck

12 Stockwell, inquiring about the note on the dash of her car.  Akmal alleges as follows:

13

> Although Defendant Chuck Stockwell stated "I'm not here to harass you" he then proceeded to do exactly that, also stating that he had no probable cause to search Plaintiff's vehicle while advising her "don't give me reason to", but according to his own words, had already done so. He also claimed he wasn't making any accusations yet stated that Plaintiff not wanting her vehicle searched was a big "red flag", that according to his 22 years of experience with law enforcement says "I have an Uzi in my trunk and if you mess with me I'm going to pull it out" and then continued his verbal barrage until he eventually confirmed what Plaintiff suspected all along. After having asked him several times he finally stated "yes I believe you have a gun in your car". All of this out in the open in front of and within earshot of her new co-workers.

14

15

16

17

18

19

20 Comp., ¶ 22.  After some more exchanges, Akmal gathered her belongings and left the

building.  *Id.* ¶ 27.  Before she left the premise, Akmal called the Fife Police Department.

21

22 *Id*.  Akmal parked just off the property, waited for a police officer to arrive, and asked the

ORDER - 3

1    officer to conduct a search of her car.  *Id.* ¶¶ 27–28.  No weapon was found in Akmal's

2    car.

3        The next day Akmal called Terra Staffing and was informed that she no longer had

4    a job.  *Id.* ¶ 31.  Akmal alleges that Terra Staffing has not placed her in any other job

5    even though she has inquired at least once about posted openings, and Akmal "concludes

6    that as of the date of this filing, that she is still blacklisted by the Defendants."  *Id.* ¶ 35.

7                                    **III. DISCUSSION**

8    **A.    Motion for Extension**

9        Akmal moves for an extension of time to respond to Defendants' motions to

10   dismiss so that she may consult with counsel and communicate with public agency

11   investigators.  Dkt. 24.  Neither of these reasons constitute good cause to delay the

12   consideration of motions that may be overcome with sufficient *allegations*.  Moreover,

13   Akmal filed a response to both motions.  *See* Dkt. 26.  Therefore, the Court denies

14   Akmal's motion for an extension of time.

15   **B.    Motions to Dismiss**

16       Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

17   Procedure may be based on either the lack of a cognizable legal theory or the absence of

18   sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*,

19   901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

20   complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301

21   (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed

22   factual allegations but must provide the grounds for entitlement to relief and not merely a

1  "formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.*

2  *Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

3  claim to relief that is plausible on its face."  *Id.* at 1974.

4  In this case, Akmal claims discrimination in violation of 42 U.S.C. § 1981.

5  Comp., § IV.  A plaintiff suing under section 1981 may prevail only by establishing

6  intentional discrimination.  *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir.

7  1985).  Akmal has failed to sufficiently allege intentional discrimination.  The two

8  allegations of discriminatory conduct are (1) Stockwell's comment that Akmal may have

9  an Uzi in her car and (2) that someone left a floppy disk with the Star of David on it in

10 her car.  Neither of these actions, even if true, give rise to actionable discrimination.

11 Moreover, there is absolutely no correlation between these allegations and the adverse

12 employment action of Regal terminating Akmal's temporary position.  Therefore, the

13 Court grants both Defendants' motions to dismiss Akmal Section's 1981 claim.

14 With regard to relief, Akmal argues that the Court "should not grant Defendants

15 [sic] motion to dismiss without giving Plaintiff opportunity to amend."  Dkt. 26 at 11.  In

16 the event the court finds that dismissal is warranted, the Court should grant the Plaintiff

17 leave to amend unless amendment would be futile.  *Eminence Capital, LLC v. Aspeon*,

18 Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The Court is unable to conclude that *any*

19 amendment would be futile.  Therefore, the Court grants Akmal limited leave to amend

20 her Section 1981 claim.

21 With regard to Akmal's state law causes of action, the Court reserves ruling on

22 these claims pending the filing of an amended complaint.

1

**IV. ORDER**

2          Therefore, it is hereby **ORDERED** that the Terra Defendants and the Regal

3   Defendants' motions to dismiss (Dkts. 18 & 22) are **GRANTED** as to Akmal's federal

4   claim.  Akmal shall file an amended complaint no later than July 14, 2013.  Failure to file

5   an amended complaint or show good cause for such failure will result in **DISMISSAL**.

6   Upon filing of the amended complaint, the Court may request additional briefing from

7   Defendants or may dismiss Akmal's Section 1981 claim *sua sponte*.

8          Dated this 2nd day of July, 2013.

9

10

11          BENJAMIN H. SETTLE
            United States District Judge

12

13

14

15

16

17

18

19

20

21

22